GUIDRY, J.,
concurring.
|,While I agree that summary judgment was improperly granted and that the summary judgment should be reversed (as was provided in the original opinion rendered in this matter), I previously voted to deny the granting of the rehearing herein, which the majority uses to question the validity of the mortgage and note and then uses that as a basis to reverse the trial court’s judgment in Aaron & Turner, L.L.C. v. Perret, 2007-1425 (La.App. 1st Cir.5/4/09), - So.3d -, 2009 WL 2857974 (unpublished).
In a very lengthy and strained construction, the majority reasons that the summary judgment should be reversed because “whether lender ABN consented to this contract was not established.” Interestingly, the majority ignores the fact that no dispute has ever been raised by any party, or even the non-party ABN, regarding whether ABN consented to the transactions wherein the contractual agreements in dispute were produced. There is evidence in the record to indicate that ABN did consent, but the majority discredits this evidence based on mere allegations from the petition.
*921 | .¿Since a contract is an agreement by two or more parties creating, modifying, or extinguishing obligations, La. C.C. art. 1906, it is implicitly understood that only parties to a contract may assert its relative nullity based on a defect in consent. Dugas v. Modular Quarters, Inc., 561 So.2d 192, 201 (La.App. 3d Cir.1990). Further, a relative nullity may be invoked only by those persons in whose interest the ground for nullity was established, and may not be declared by the court on its own initiative. La. C.C. art.2031. The right of action to declare a relative nullity is available only to the incapable person or to one whose consent has been defective. With regard to all other persons, including the other party to the contract, the contract is valid. Armour v. Shongaloo Lodge No. 352 Free and Accepted Masons, 342 So.2d 600, 604 (La.1977)(Summers, J., concurring); see also In re Quirk, 119 B.R. 99 (W.D.La.1990).
Accordingly, I find the majority’s action of questioning whether ABN consented to the loan transaction as a possible basis for declaring the note and mortgage null to be inappropriate. I therefore concur in the opinion to the extent that the summary judgment is reversed. By granting rehearing and raising on its own the issue of consent, the majority provides a path to reversing the trial court’s judgment in Aaron & Turner, L.L.C. v. Perret, 2007-1425 (La.App. 1st Cir.5/4/09), — So.3d —, 2009 WL 2857974 (unpublished).